UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARK WILLIAMS,

    Plaintiff,

v.                                                Case No. 06-10193

SGT. BRETT ORTOLANO,             Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 14, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On January 12, 2006, Plaintiff Clark Williams, acting in *pro per*, filed suit against Defendant Sergeant Brett Ortolano pursuant to 42 U.S.C. § 1983. In Defendant's Motion for Judgment on the Pleadings[1] under Fed. R. Civ. P. 12(c), filed on June 13, 2006, Defendant contends that Plaintiff's claim is barred by the applicable statute of limitations and must be dismissed. For the reasons set forth below, Defendant's Motion shall be denied.

---

[1] Although Defendant titles his motion as a "Motion for Summary Judgment," Defendant cites to Rule 12(c) of the Federal Rules of Civil Procedure in support of his motion. Therefore, Defendant's motion is actually a motion for judgment on the pleadings.

**I.      Background**

On September 24, 2002, Plaintiff first filed his § 1983 suit against Defendant in this Court. (Case No. 02-73827). Plaintiff's lawsuit arose out of an incident which occurred on June 29, 2002. On April 14, 2004, the parties stipulated to the dismissal of Plaintiff's lawsuit without prejudice. The Order of Dismissal provided in part:

> IT IS ORDERED that the above-captioned case is hereby dismissed without prejudice and without costs to either party. Plaintiff shall be entitled to restart the above-captioned cause of action within 60 days of being released from incarceration on the charge for which he is currently incarcerated in Jackson Prison or any time before the statute of limitations runs, whichever is later.
>
> IT IS FURTHER ORDERED that nothing in this Order shall serve to either shorten or lengthen the applicable statute of limitations.

(Def.'s Mot. Ex. A, Or. of Dismissal).

The Court also sent Plaintiff a letter explaining:

> The Order [of Dismissal] clearly provides that you have 60 days from being released from incarceration on a charge for which you are currently incarcerated in Jackson Prison to re-file this lawsuit - - if you chose to do so. Defendant agreed to that. The agreement means that even if the statute of limitations would have otherwise expired, defendant is waiving the defense of statute of limitations provided you re-file within 60 days of release.

(Def.'s Mot. Ex. B, Letter of July 7, 2004).

On November 15, 2005, Plaintiff was released from Cotton Correctional Facility. On January 12, 2006, Plaintiff re-filed his § 1983 claim against Defendant in this Court. Plaintiff also filed a motion to proceed *in forma pauperis*. On January 19, 2006, the Court granted Plaintiff's motion and entered an order directing the U.S. Marshall to serve a copy of the complaint and summons on Defendant.

On May 4, 2006, the Court issued an Order requesting that Plaintiff provide the

2

Court with Defendant's correct address. The Order provided, in part:

> Rule 4 of the Federal Rules of Civil Procedure provide for dismissal of the action if the defendant is not served with a copy of the complaint within 120 days after the commencement of the suit.
>
> Therefore, IT IS HEREBY ORDERED that plaintiff provide the Court with the correct name, title and address of the above named defendant so that service can be processed. Plaintiff is to provide this information to the Court in writing no later than May 19, 2006, or the Court may dismiss this action against the above named defendant.

On May 9, 2006, Plaintiff provided the Court with Defendant's proper address.

In his Motion, Defendant argues that: 1) the statute of limitations expired before Plaintiff re-filed his § 1983 claim in this Court; 2) Plaintiff has not satisfied the requirements of the Court to file this matter within 60 days of his release from incarceration because he did not timely serve Defendant.

## II.   Standard of Review

Defendant seeks judgment on the pleadings pursuant to Rule 12(c), which provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Like a Rule 12(b)(6) motion, a Rule 12(c) motion tests the legal sufficiency of the plaintiff's complaint. *See Scheid v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). When deciding the motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

## III.   Discussion

A. <u>Statute of Limitations</u>

Defendant argues that because Plaintiff's lawsuit arises out of an incident which occurred on June 29, 2002, Plaintiff's cause of action would be barred by the applicable statute of limitations as of June 29, 2005. Defendant is incorrect.

Michigan's three year statute of limitations for personal injury claims, Mich. Comp. Laws Ann. § 600.5805(8), governs section 1983 actions when the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330 (1986). In the instant case, because the cause of action arose in Michigan, the applicable statute of limitations is Michigan's three year statute of limitations for personal injury claims. (*See* Compl. ¶4).

Plaintiff contends that the three year statute of limitations was tolled during the pendency of the 2002 lawsuit. State law governs the question of whether an applicable state statute of limitations is tolled in a § 1983 action. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S. Ct. 1790, 1795 (1980). The relevant state statute under Michigan law is Mich. Comp. Laws § 600.5856, which provides in pertinent part:

> The statutes of limitation or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules
> . . .

Mich. Comp. Laws Ann. § 600.5856; *see also Gladych v. New Family Homes, Inc.*, 468 Mich. 594, 598 (2003).

"A dismissal without prejudice is not an adjudication on the merits and, therefore,

4

the tolling statute applies." *Yeo v. State Farm Fire and Cas. Ins. Co.*, 242 Mich. App. 483, 484, 618 N.W.2d 916, 916 (2000).

In the first case, Defendant was served on September 26, 2002. The case was dismissed without prejudice on April 14, 2004. Thus, the statute of limitations was tolled from September 26, 2002 until April 14, 2004, or roughly eighteen and one half months. The statute of limitations on Plaintiff's § 1983 claim would not have expired until January of 2007. Consequently, Plaintiff filed suit within the applicable time period.

B.  <u>Service of Process</u>

Defendant also argues that he was not timely served, citing Mich. Comp. Laws Ann. § 600.5856(a). The time for service of a summons and complaint is set forth in Rule 2.102(D) and (E)(1) of the Michigan Court Rules, which require service within 91 days after the complaint is filed.

However, the Court does not believe that it should borrow § 600.5856 to determine whether Defendant was timely served where it is inconsistent with federal law. *See West v. Conrail*, 481 U.S. 35, 39, 107 S. Ct. 1538, 1541 (1987). Federal courts "borrow only what is necessary to fill the gap left by Congress." *West*, 482 U.S. at 40 n.6, 107 S. Ct. at 1542, n.6. Federal courts will not borrow any state tolling rule that is inconsistent with federal law. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 485, 100 S. Ct. 1790, 1795 (1980). In *West*, the U.S. Supreme Court held:

> Although we have not expressly so held before, we now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period.

5

*West*, 481 U.S. at 39, 107 S. Ct. at 1541.

> The U.S. Supreme Court further noted:
>
> When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether the service must be effected within that period. . . . ***This requirement, naturally, does not apply to federal question cases.***

*West*, 481 U.S. at 39 n.4, 107 S. Ct. at 1541 n.4 (emphasis added) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980)).

Moreover, although the Sixth Circuit has not directly applied the holding in *West* to tolling questions in § 1983 actions, other circuits, relying on *West*, have specifically found that because there is no gap in federal law, the Federal Rules of Civil Procedure govern questions relating to filing and service in § 1983 actions. *See, e.g.*, *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995) (finding that it is not necessary to borrow state procedural rules in § 1983 claims, which arise under a court's federal question jurisdiction); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (holding that although state law provides the applicable statute of limitations in § 1983 claims, the Federal Rules of Civil Procedure govern the commencement of the suit for tolling purposes); *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) (same); *Gray v. Lacke*, 885 F.2d 399, 409-10 (7th Cir. 1989) (finding that Wisconsin's tolling rule requiring service on defendants within 60 days for action to be commenced upon filing did not apply to § 1983 action, since there was no deficiency or gap in federal law); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (holding that Rule 3 of the Federal Rules of Civil Procedure provides the tolling rule for a borrowed state statute of limitations in § 1983

actions).

In this case, because there is no gap in federal law, Rules 3 and 4(m) of the Federal Rules of Civil Procedure govern questions relating to filing and service in Plaintiff's § 1983 action against Defendant. Rule 3 provides that a "civil action is commenced by filing a complaint with the court." Rule 4(m) allows the plaintiff 120 days from the filing of the complaint to serve the defendant.

Consequently, following the filing of his Complaint on January 12, 2006, Plaintiff had 120 days to serve Defendant, or until May 12, 2006. On May 4, 2006, the Court issued an Order requesting that Plaintiff provide the Court with Defendant's correct address "no later than May 19, 2006." On May 9, 2006, Plaintiff provided the Court with Defendant's address. On that same date, a certificate of service was filed indicating that the summons and complaint had been "delivered" to the U.S. Marshal for service of process. However, there is nothing in the record or in Defendant's motion indicating *when* Defendant was served.

Even assuming that Defendant was served after May 12, 2006, failure to obtain service within the 120 day period set forth in the Federal Rules of Civil Procedure is not fatal. Rule 4(m) provides, in relevant part: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, ***the court, upon motion or on its own initiative*** after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added);

7

*but see* MCR 2.102(D) and (E)(1)(providing for automatic dismissal of the summons and complaint if service is not obtained within 91 days). Thus, a federal summons and complaint are valid unless and until the court enters an order dismissing the action.

In this case, even assuming Defendant was served after May 12, 2006, the Court believes that Plaintiff has shown good cause for the failure to timely serve Defendant where the service was to be effected by the U.S. Marshal and Plaintiff provided the Court with Defendant's proper address within the time set forth in this Court's Order directing Plaintiff to provide the Court with Defendant's proper address "no later than May 19, 2006."

C.  Plaintiff's Request for Sanctions

In his response to Defendant's Motion, Plaintiff seeks sanctions against Defendant, contending that Defendant's Motion was frivolous. Rule 11 provides that a court may impose sanctions upon attorneys who have violated subdivision (b) of Rule 11. Subdivision (c)(1)(A) provides, in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed. R. Civ. P. 11(c)(1)(A).

In this case, Plaintiff did not make his motion for sanctions separately, nor did Plaintiff inform the Court whether it served the motion on Defendant prior to presenting it to this Court. Because Plaintiff did not comply with the "safe harbor" provisions of Rule

8

11, this Court will not address the merits of Plaintiff's motion for sanctions.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **DENIED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
S. Randall Field, Esq.

Clark Williams
1325 Commonwealth
Ypsilanti, MI 48198